Porter v. King.

---

### PORTER v. KING, Adm'x.

If a judgment creditor extend his execution on land mortgaged for the same debt, and the debtor neglect to redeem for the space of a year after the extent, the estate is absolute in the creditor, notwithstanding the mortgage.

THIS was a *bill in equity* brought to redeem certain estate mortgaged by the plaintiff to the defendant's intestate.

It appeared that *August* 25, 1810, the plaintiff executed to *Cyrus King, Esq.* a deed of mortgage of sundry parcels of real estate, of which the estate described in the bill was a part, conditioned to pay $2,935,38 and interest to said *Cyrus King*, or to the *Saco Bank* on or before a certain day, it being the amount of two promissory notes given by the plaintiff to *Mr. King* and by him indorsed to the Bank, for the proper debt of the plaintiff. These notes being paid and taken up by *Mr. King* as indorser, he sued the plaintiff for the amount, and recovered judgment, which was partially satisfied *June* 15, 1812 by extent upon certain real estate of the plaintiff. Part of the estate thus extended upon, was included in the mortgage, and was sold *June* 13, 1815, by *Mr. King* for a sum larger by six hundred dollars than its value as appraised on the extent. And the residue of his debt being unsatisfied, he afterwards entered into the estate described in the bill, for condition broken.

The bill being referred to a master to take an account of rents and profits, he reported the foregoing among other facts, treating the land extended upon as a satisfaction to the amount

of its value as *estimated by the appraisers*, and not as afterwards. sold by *Mr. King* at private sale.

And now *Emery*, of counsel with the plaintiff, moved that the report be amended by adding the sum of six hundred dollars, being the difference between the price of part of the mortgaged premises as appraised, and the amount it was afterwards sold for, with interest from *June* 13, 1815 being the time of sale.   He contended that the judgment recovered by *Mr. King* being rendered upon the notes for which the property was mortgaged, nothing passed by the extent upon the same property.   A mortgagee cannot be admitted to change his character *as such*, and thus to deprive the mortgagor of the avails of the estate thus mortgaged ; because, by accepting the mortgage he agreed that the mortgagor, as to that estate, and for that debt, should have rights different from those he would otherwise possess. He is merely a trustee, and must account for every profit ; and the amount of the sale by *Mr. King* must therefore be taken as extinguishing so much of the debt.   *Hicks v. Bingham*, 11 *Mass.* 300.   *Goodwin v. Richardson*, 11 *Mass.* 469. *Dickens' Rep. tit. Mortgage in Index.*

*Shepley and Storer*, for the defendant, contended that whatever might be the gain on the sale of this particular parcel of land, yet it did not appear but that on a sale of the other parcels there would be as great a loss, which must be borne by the creditor, as he could have no remedy against the debtor for the deficiency.   And as to the effect of the extent, it might well change the relation in which the parties stood as to that land ; for the creditor might have seized and sold any other of the debtor's goods, or extended his execution upon other lands, and it would be good ; and the mortgage was but a *lien* on a *part* of the debtor's estate, and not a selection of that part as a fund to which the creditor was bound to resort ; nor did it place this property in any different situation from the other estate of the debtor, all of which was equally liable.   It was a privilege secured to the creditor, to make his debt safe ; and not a burden imposed on him, to embarrass him, at all events, with an equity of redemption.

THE COURT (*Mellen C. J.* not sitting in the cause, having formerly been of counsel with the plaintiff,) denied the motion.

Porter *v.* King.

They said that the land having been regularly set off to the cred-itor at an appraised value, according to the forms of law, his title to it became perfect after the lapse of a year from the extent. The mortgage was intended merely to increase the certainty of payment of the debt; not to place any part of the debtor's es-tate out of the reach of the common and ordinary process of law. He might have redeemed the land at any time within the year; and failing so to do, he must be considered, in this as in all other cases, as assenting to the complete alienation of the fee, at the appraised value. Had this extent been a full instead of a partial satisfaction, and the land, by fortuitous circumstan-ces, become of less value, by what process, or with what reason, could the creditor claim of the debtor the deficiency? Or if, in such case, the land being still in the hands of the creditor, its value should be increased, ought he to be subjected to the action of the debtor for the amount of this increased value? As, therefore, no action would lie between the parties by reason of any change of value in the land while it remains in possession of the creditor, and as he alone must bear the loss should its value become less, it seems reasonable that he should retain to his own use any surplus of money arising from its sale. Besides, as was observed in the argument, though one parcel of the mort-gaged premises was sold for more than its appraised value, yet perhaps the other parcels may produce much less; and thus the creditor may eventually suffer a loss.

They accordingly DECREED that the plaintiff have possession of the premises described in the bill; and execution for the bal-ance of rents and profits remaining in the defendant's hands up to the time of the decree; agreeably to *Stat.* 1818. *ch.* 98. [*Revised Statutes ch.* 39. *sec.* 5.]

---

*Note.* The report assumed the amount of principal and interest due on the *judgment* at the time of entry for condition broken, as a new capital carrying interest; and applied the nett balance of rents and profits *annually* in extin-guishment of this sum; to which the counsel made no objection.